IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

FELICIA JOHNSON,

    Plaintiff,

v.

CAROLYN W. COLVIN,
Acting Commissioner of Social
Security,

    Defendant.

Case No. 3:14-cv-00032-CL

OPINION AND ORDER

AIKEN, Chief Judge:

Defendant Carolyn Colvin, the Acting Commissioner of Social Security (Commissioner), challenges Magistrate Judge Mark Clarke's Findings and Recommendation (F&R) that plaintiff is disabled under Title XVI of the Social Security Act (the Act). For the following reasons, this Court rejects Judge Clarke's F&R and adopts the Commissioner's original finding that plaintiff is not disabled under the Act.

1 - OPINION AND ORDER

## BACKGROUND

Plaintiff protectively filed an application for Supplemental Security Income (SSI) under Title XVI of the Act on September 15, 2009, alleging disability beginning March 1, 1992. Tr. 280. The Commissioner denied her application initially and upon reconsideration. Tr. 95-96. After a hearing before an administrative law judge (ALJ) on August 23, 2011, the ALJ found plaintiff not disabled on September 23, 2011. Tr. 25-88. The Appeals Council denied plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. Tr. 18-21.

Plaintiff sought judicial review of the Commissioner's decision on January 7, 2014. (ECF 1). On June 9, 2015, Judge Clarke filed an F&R recommending that, pursuant to Sentence Four, 42 U.S.C. § 405(g), the Commissioner's decision be reversed and the matter remanded for the payment of benefits because the Commissioner's decision was not supported by substantial evidence. ECF 16 at 14. On August 7, 2015, defendant filed an objection to Judge Clarke's F&R requesting that this Court decline to adopt the F&R and affirm her final decision. Def.'s Obj. to the Magistrate Judge's F&R 6.

///

///

2 - OPINION AND ORDER

## STANDARD OF REVIEW

"A judge of the court shall make a de novo determination of those portions of the [magistrate judge's] report or specified proposed findings or recommendations <u>to which objection is made</u>." <u>U.S. v. Reyna-Tapia</u>, 328 F.3d 1114, 1121 (9th Cir. 2003) (<u>citing</u> 28 U.S.C. § 636(b)(1)(C)) (emphasis in original). "The statute makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise." <u>Id</u>. "Neither the Constitution nor the statute requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct." <u>Id</u>. (<u>citing</u> <u>Peretz v. U.S.</u>, 501 U.S. 923, 937-39, 111 S.Ct. 2661 (1991) (clarifying that de novo review is not required for Article III purposes unless requested by the parties)).

The Court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record. <u>Hammock v. Bowen</u>, 879 F.2d 498, 501 (9th Cir. 1989). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." <u>Richardson v. Perales</u>, 402 U.S. 389, 401 (1971) (citation and internal quotations omitted). In reviewing the

3 - OPINION AND ORDER

Commissioner's alleged errors, this Court must weigh "both the evidence that supports and detracts from the [Commissioner's] conclusions." Martinez v. Heckler, 807 F.2d 771, 772 (9th Cir. 1986). Variable interpretations of the evidence are insignificant if the Commissioner's interpretation is rational. Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005).

When the evidence before the ALJ is subject to more than one rational interpretation, we must defer to the ALJ's conclusion. Batson v. Comm'r Soc. Sec. Admin., 359 F.3d 1190, 1198 (9th Cir. 2004) (citing Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995)). A reviewing court, however, "cannot affirm the Commissioner's decision on a ground that the Administration did not invoke in making its decision." Stout v. Comm'r Soc. Sec. Admin., 454 F.3d 1050, 1054 (9th Cir. 2006) (citation omitted).

## DISCUSSION

Defendant argues that Judge Clarke's F&R is based on legal error and contrary to the evidence of record. Def.'s Obj. to the Magistrate Judge's F&R 5. Specifically, defendant argues that: (1) Judge Clarke's alternate interpretation of the medical evidence is insufficient to justify overturning the ALJ's decision; and (2) the ALJ's findings of plaintiff's restrictions

were consistent with the restrictions identified in the medical testimony. Id. at 2-5.

I. <u>Magistrate Judge's Interpretation of the Medical Evidence</u>

Defendant argues that "the ALJ's interpretation of the opinion from one-time examining psychologist Lucy Carstens, Ph.D., was rational, supported by substantial evidence and, therefore, was entitled to judicial deference over alternative interpretations of the evidence." Id. at 4. Defendant asserts that plaintiff saw Dr. Carstens in December 2010 and after plaintiff reported being clean and sober since 2006, Dr. Carstens opined that it was "unlikely that substances are causing/contributing to [plaintiff's] symptoms because [she] has been clean and sober since 2006." Id. (citing Tr. 946). Defendant argues that the evidence, however, "shows that plaintiff was not clean and sober since 2006, but had used drugs and alcohol as recent[ly] as July or August 2009." Id. (citing Tr. 34, 61-63). Moreover, defendant notes a report by Megan D. Nicoloff, Psy.D, from February 2010, which states that plaintiffs' "current sx's [symptoms] are more reflective of w/drawl sx's from alcohol and crack cocaine." Id. (quoting Tr. 854).

Plaintiff argues that the ALJ never mentioned Dr. Nicoloff's February 2010 finding and, therefore, this Court

5 - OPINION AND ORDER

cannot affirm the ALJ's decision on grounds not invoked in making her decision. Pl.'s Resp. to Def.'s Obj. 2 (internal quotations omitted).

The ALJ gave Dr. Carstens' opinion "little weight" because "she examined the claimant only once and did not have a treating relationship with her," plaintiff "did not fully disclose her drug and alcohol use to Dr. Carstens," and "Dr. Mabee's opinion is more consistent with the evidence as a whole." Tr. 34.

Judge Clarke found that the ALJ did not give sufficient justification for rejecting Dr. Carstens' opinion, stating: (a) the ALJ may not discount Dr. Carstens' opinion on the basis that she was an examining and not a treating provider; (b) the ALJ failed to describe how Dr. Mabee's opinion is more consistent with the medical evidence than Dr. Carstens' opinion; and (c) although "Dr. Carstens noted it was 'unlikely that substances are causing/contributing to [plaintiff's] symptoms because [she] has been clean and sober since 2006,'" and despite "evidence in the record that plaintiff relapsed in July or August 2009," "Dr. Carstens' examination and opinion occurred well over a year after any evidence of substance abuse" and, therefore, "plaintiff's failure to advise Dr. Carstens of her 2009 relapse is not a clear and convincing reason to find Dr. Carstens'

professional opinion less than fully credible." ECF 16 at 10 (<u>citing</u> Tr. 36, 61-63, 945-46).

There are three types of medical opinions in social security cases: those from treating, examining, and non-examining doctors. <u>Lester v. Chater</u>, 81 F.3d 821, 830 (9th Cir. 1995). The ALJ may reject the uncontradicted opinion of a treating or examining physician by providing clear and convincing reasons supported by substantial evidence in the record. <u>Lester</u>, 81 F.3d at 830-31; <u>Andrews v. Shalala</u>, 53 F.3d 1035, 1043 (9th Cir. 1995).

If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence. <u>Barnhart</u>, 427 F.3d at 1216 (<u>citing</u> <u>Lester</u>, 81 F.3d at 830-31). "The ALJ can meet this burden by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." <u>Magallanes v. Bowen</u>, 881 F.2d 747, 751 (9th Cir. 1989) (citation omitted). Finally, an ALJ need not accept a medical opinion that fails to take into account a claimant's drug or alcohol use. <u>Morgan v. Comm'r Soc. Sec. Admin.</u>, 169 F.3d 595, 602-03 (9th Cir. 1999).

///

7 - OPINION AND ORDER

Here, Judge Clarke found that the ALJ may not reject Dr. Carstens' opinion on the basis that she was an examining and not a treating provider because the regulations recognize that examining physicians are competent to provide medical opinions. I find that Judge Clarke did not err in reaching this finding because an ALJ may reject the uncontradicted opinion of a treating or examining physician only by providing clear and convincing reasons supported by substantial evidence, or if contradicted, by providing specific and legitimate reasons supported by substantial evidence. Lester, 81 F.3d at 830-31; Barnhart, 427 F.3d at 1216; 20 C.F.R. §404.1513(a). However, the mere fact that a doctor examines but does not treat a patient does not provide a clear and convincing, nor a specific and legitimate, reason to reject her opinion.

Judge Clarke next found that the ALJ failed to describe how Dr. Mabee's opinion was more consistent with the evidence than Dr. Carstens' opinion. I agree with Judge Clarke's finding because the record reveals that the ALJ indeed failed to provide a detailed and thorough summary of which evidence contradicts Dr. Carstens' opinion, as well as an interpretation of how Dr. Mabee's opinion was more consistent with the evidence as a whole.

///

Finally, Judge Clarke found that plaintiff's failure to advise Dr. Carstens of her 2009 relapse did not provide a clear and convincing reason for the ALJ to find Dr. Carstens' professional opinion not credible. I disagree. The ALJ pointed to specific evidence in the record that plaintiff failed to inform Dr. Carstens of her 2009 relapse. Moreover, the ALJ noted in her opinion that plaintiff "insisted that this was the only relapse after quitting drugs and alcohol in 2008." Tr. 33.

Accordingly, because Dr. Carstens assessment specifically stated that it was unlikely that plaintiff's substance abuse caused or contributed to her symptoms <u>because she had been clean and sober since 2006</u>, and the record reveals that plaintiff admitted quitting drugs and alcohol in 2008 and to relapsing in 2009 but failed to apprize Dr. Carstens of these facts, I find that from these omissions, the ALJ reasonably concluded that Dr. Carstens' assessment was less reliable.[1] See <u>Batson</u>, 359 F.3d at 1198. As such, I reject Judge Clarke's finding that the ALJ erred by rejecting Dr. Carstens' opinion.

///

///

---

[1] This Court notes that it did not consider Dr. Nicoloff's February 2010 finding that plaintiff's symptoms were more reflective of withdrawal symptoms from alcohol and crack cocaine when determining that the ALJ properly found Dr. Carstens' assessment not credible. See <u>Stout</u>, 454 F.3d at 1054.

9 - OPINION AND ORDER

II. ALJ's Findings of Plaintiff's Restrictions

Defendant argues that the ALJ's residual functioning capacity (RFC) finding was supported by substantial evidence and was, therefore, improperly rejected by Judge Clarke. Def.'s Obj. to the Magistrate Judge's F&R 3-4. Specifically, defendant argues that the ALJ's findings of plaintiff's restrictions in concentration, persistence, or pace (CPP), as well as the dispositive hypothetical given to the vocational expert (VE), were consistent with the restrictions identified in the medical testimony by Dr.'s Mabee and Nicoloff who assessed moderate and marked limitations in CPP, but opined that plaintiff was, nonetheless, able to understand, remember, and perform simple, repetitive, routine, one-to-two step tasks. Id. at 2-4 (citing Tr. 31, 72-73, 852, 858).

Judge Clarke found that the ALJ's RFC finding was not supported by substantial evidence because the addition of the terms "routine" and "one-to-two step" tasks in the RFC did not "substantially differentiate plaintiff's RFC from those found inadequate in Graybeal [v. Astrue, 2011 WL 6019434, at *4 (D. Or. Nov. 2, 2011)] and Viles [v. Colvin, 2015 WL 1393296 (D. Or. Mar. 25, 2014) (a marked limitation of CPP is not adequately accounted for by an RFC that limited a claimant to "simple and repetitive" tasks.)]. See also Brink v. Comm'r Soc. Sec.

10 - OPINION AND ORDER

Admin., 343 F. App'x 211, 212 (9th Cir. 2009) (unpublished memorandum) (the ALJ erred in limiting the plaintiff to "simple, repetitive work" because the RFC did not adequately incorporate the plaintiff's moderate to marked limitations in CPP)).

The RFC is the maximum a claimant can do despite her limitations. See 20 C.F.R. §§ 404.1545, 416.945. In determining the RFC, the ALJ must consider limitations imposed by all of a claimant's impairments, even those that are not severe, and evaluate "all of the relevant medical and other evidence," including the claimant's testimony. SSR 96-8p, available at 1996 WL 374184. The ALJ is responsible for resolving conflicts in the medical testimony and translating the claimant's impairments into concrete functional limitations in the RFC. Stubbs-Danielson v. Astrue, 539 F.3d 1169, 1174 (9th Cir. 2008).

Only limitations supported by substantial evidence must be incorporated into the RFC and, by extension, the dispositive hypothetical question posed to the VE. Osenbrock v. Apfel, 240 F.3d 1157, 1163-65 (9th Cir. 2001). An ALJ's RFC assessment "adequately captures restrictions related to [CPP] where the assessment is consistent with restrictions identified in the medical testimony." Stubbs-Danielson, 539 F.3d at 1174.

///

Here, the medical evidence establishes, and the ALJ accepts, that plaintiff has marked limitations in CPP. The medical evidence, however, also establishes that Dr.'s Mabee and Nicoloff opined that notwithstanding plaintiff's limitations in CPP, she can still understand, remember, and perform simple, repetitive, routine, one-to-two step tasks. Accordingly, the limitations incorporated into the ALJ's RFC assessment align with the recommendations of Dr.'s Mabee and Nicoloff. As such, I find that the ALJ's RFC adequately captures restrictions related to plaintiff's CPP that were identified in the medical testimony. Stubbs-Danielson, 539 F.3d at 1174.

Moreover, this case differs from Brink, Graybeal and Viles, in that no medical evidence supports greater restrictions in areas of CPP. Geter v. Comm'r Soc. Sec. Admin., 2015 WL 4920800 (D. Or. Aug. 14, 2015) (where a plaintiff has marked difficulties with CPP and no medical evidence supports greater restrictions in areas of CPP, an ALJ does not err by relying on a doctor who opines that despite plaintiff's limitations with CPP, she retains the ability to carry out simple, routine tasks). As such, I find that the ALJ's RFC, as well as the resulting hypothetical posed to the VE, were supported by substantial evidence. Bayliss, 427 F.3d at 1217-18 ("The hypothetical that the ALJ posed to the VE contained all of the

12 - OPINION AND ORDER

limitations that the ALJ found credible and supported by substantial evidence in the record. The ALJ's reliance on testimony the VE gave in response to the hypothetical therefore was proper."). Accordingly, the ALJ's RFC determination is upheld and the Judge Clarke's finding with regard to the RFC is rejected.

## CONCLUSION

For the foregoing reasons, I reject Judge Clarke's F&R and adopt the Commissioner's original finding that plaintiff is not disabled under the Act.

IT IS SO ORDERED.

DATED this 28th day of September 2015.

_____
Ann Aiken
United States District Judge